DOLL v. MUSKE.

DRAINS—COUNTY ROAD COMMISSIONS—INCREASE OF FLOW—FIND-
INGS OF COURT—EVIDENCE.
  Finding of trial court that action of defendant adjoining land-
  owners and county road commission in tiling and ditching
  their lands and cleaning out, lowering and increasing size of
  culvert under the road had not increased flow of water in
  excess of natural amount through natural draw on plaintiffs'
  land, made after listening to conflicting testimony, is not
  disturbed.

Appeal from Van Buren; Mosier (Carl D.), J.
Submitted April 7, 1959.  (Docket No. 3, Calendar
No. 48,049.)  Decided June 5, 1959.

Bill by Lawrence E. Doll and Emma A. Doll
against Ernest Muske, Elsie Muske, Edward Heinze,
Ruth Heinze and the Van Buren County Road Com-
mission, to enjoin flow of water onto their land and
for damages.  Bill dismissed.  Plaintiffs appeal.
Affirmed.

*John H. Verdonk,* for plaintiffs.

*Williams & Williams (Lewis R. Williams, Jr.,* of
counsel), for defendants Muske and Heinze.

DETHMERS, C. J.  This is an action to enjoin the
causing of waters to flow onto plaintiffs' land from

REFERENCES FOR POINTS IN HEADNOTE
14 Am Jur, Counties § 48 *et seq.*
56 Am Jur, Waters § 72.

the lands of defendants Muske and Heinze in amounts in excess of natural flowage rights or those acquired by prescription. The trial court found that plaintiffs had failed to prove such excess and entered a decree dismissing the bill of complaint. Plaintiffs appeal.

Plaintiffs purchased their land in 1947. There was a natural draw across it into which surface waters flowed from defendants' lands. In 1951 and 1952 the Muskes and Heinzes tiled and ditched their lands toward plaintiffs' land. In the latter year the defendant road commission lowered by 30 inches and increased in size from 12 to 18 inches a tile running through the road between the Heinzes' and Muskes' lands. Through that tile water flowed from the Heinze land to that of the Muskes and from there into the draw on plaintiffs' land.

Plaintiffs testified that the ditching, tiling and changing of the road tile lowered the water table in the defendants' lands, caused low spots thereon where water formerly had stood to drain off, and increased the flow of water onto plaintiffs' land; that the gully on their land was dry in 1949, but wet in 1952 and the years following.

There was opinion testimony that the mentioned tiling, ditching and changing of road tile would increase the flow of water onto plaintiffs' lands and there was some to the contrary. Countering plaintiffs' testimony of the increased flowage in 1952 and subsequent years over that in 1947, 1948 and 1949 was testimony for defendants that in recent years such flowage was less than it had been 15 years earlier.

Plaintiffs' proofs related to conditions in 1947, when they purchased the land, and later. Much of defendants' proofs covered the period antedating 1947 and going back as far as 1918 and even 1905.

The trial court was of the view that, despite opinion testimony as to what the results of defendants' actions would be, which sounds rather persuasive to us, nonetheless, plaintiffs had failed to establish that, as a matter of fact, the flowage in 1952 and thereafter was greater than it had been naturally or by rights prescriptively acquired through the decades. An element of proof apparently figuring in the court's conclusion was that in the installation of the new tile on defendants' lands remnants of an old, previous tile in that location had been encountered. The court found that the major cause of plaintiffs' complaint, arising in 1952, was the cleaning out and removing of weeds and brush from the ditch on Muskes' land leading from the road tile or culvert through which Heinzes' land drained onto Muskes' land, that this was a natural watercourse, and that the culvert had existed and permitted the drainage in question to occur for far more than the prescriptive period. It was the position of the court that defendants might properly clean out that ditch and remove from it the weeds and brush which impeded the flow of this natural waterway. The court also took note of the fact that in 1950, at plaintiffs' request, defendant road commission had added to the waters flowing from Heinzes' land, through the culvert and the subsequently cleaned-out ditch on Muskes' land, into the draw on plaintiffs' land. These added waters were those which formerly would have flowed naturally across the road between Heinzes and plaintiffs and onto plaintiffs' land at a point near their house, but which the road commission diverted by digging a ditch along Heinzes' side of the road, carrying those waters south to the mentioned culvert between Heinzes' and Muskes' lands.

Weighing the conflicting testimony as to whether defendants' acts increased the flowage during and after 1951 or 1952, a difficult assignment for the trial

court, is more so for an appellate court dependent on a printed record for that purpose. The trial judge saw and heard the witnesses and came to conclusions as to the relative truthfulness of their testimony. To this we cannot deny considerable weight. Accordingly, we do not find erroneous the trial court's holding that plaintiffs failed to prove their case.

Decree affirmed, with costs to defendants.

CARR, KELLY, SMITH, BLACK, EDWARDS, VOELKER, and KAVANAGH, JJ., concurred.